FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 22, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>PETER J. YEAGER,<br><br>　　　　　Defendant. | No. 2:21-CR-00001-WFN-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**MOTION DENIED**<br>**(ECF No. 47)** |

　　　　On December 2, 2021, the Court held a hearing on Defendant PETER J. YEAGER's Motion to Modify Conditions of Release, specifically, Condition No. 28, **ECF No. 47**. Defendant appeared out of custody with attorney Stephen Hormel.  Assistant U.S. Attorney Timothy Ohms represented the United States. United States Probation Officer Linda Leavitt was also present telephonically.

　　　　Defendant requested that the Court remove the electronic monitoring condition from his pretrial release conditions.  Defense counsel presented argument for the modification and Defendant addressed the Court.  Defendant cited the cost of the electronic monitoring and the perceived embarrassment from wearing an electronic monitoring device.  United States Probation supported removal of the electronic monitoring condition.  The United States deferred to the recommendation of United States Probation.  The Court then took the matter under advisement.

ORDER - 1

Following the December 2, 2021 hearing, the United States sought to present newly received letters/emails (ECF Nos. 61 and 63) submitted on behalf of the victims in this matter. Accordingly, the Court held an additional hearing on December 15, 2021 to allow the parties to address the newly submitted materials.

On December 15, 2021, Defendant appeared out of custody via video conference. Assistant Federal Defender Colin Prince represented Defendant and Assistant U.S. Attorney Dominique Park represented the United States. United States Probation Officer Linda Leavitt was present via telephone. Defendant agreed to proceed via video conference.

John Lemus, Vice Chair of the Spokane County Democratic Committee, was present and addressed the Court, objecting to modification of Defendant's conditions of pretrial release on behalf his organization. The Court also considered a communication from another victim sympathetic to Defendant.

Defense counsel again presented argument for removal of the electronic monitoring condition and the United States again left the question to the discretion of the Court. United States Probation also continued to be supportive of the proposed modification.

The pretrial release condition of electronic monitoring was imposed on May 4, 2021 when Defendant was originally released on conditions. ECF No. 31 at 4-5. The electronic monitoring condition necessarily allows United States Probation to track Defendant's whereabouts.

The Court finds the electronic monitoring condition to be an essential part of the combination of conditions that provide a reasonable assurance of Defendant's appearance at future court proceedings and a reasonable assurance of the safety of community. *See* 18 U.S.C.§ 3142. In other words, in the Court's view, after the Court has has taken into account the nature and circumstances of the offense charged, the weight of the evidence against Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition,

ORDER - 2

family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release, the absence of the electronic monitoring condition tips the balance towards detention rather than release.

While it is undisputed that Defendant has not had any serious issues while on pretrial release during the time the electronic monitoring condition has been in place, it does not follow that the electronic monitoring condition is therefore unnecessary. The Court views the electronic monitoring condition as an essential pretrial release condition that imposes a minimum burden on Defendant while serving numerous positive supervision functions, to include acting as a reminder to Defendant that he remains on pretrial supervision, imposing a check on Defendant's behavior and impulses, and reassuring the victims in this case that Defendant's whereabouts are known to United States Probation.

Accordingly, for the reasons stated in this Order and during the prior hearings, Defendant's Motion to Modify Conditions of Release, specifically, Condition No. 28, **ECF No. 47,** is **DENIED**.

All previous terms and conditions of pretrial release shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED December 22, 2021.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 3