FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 26, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PETER J. YEAGER,<br><br>Defendant. | No. 2:21-CR-00001-WFN-1<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**MOTION GRANTED IN PART AND DENIED IN PART (ECF No. 77)** |

Pending before the Court at **ECF No. 77** is Defendant PETER J. YEAGER's Motion to Modify Conditions of Release, specifically, Condition No. 28. Defendant is represented by Federal Defender Colin G. Prince. The United States is represented by Assistant U.S. Attorney Dominique J. Park.

Defendant moves the Court[1] to remove the electronic location monitoring condition from his release conditions or alternatively to impose a curfew. **ECF No.77** at 1. Defendant notes that the United States opposes Defendant's

---

[1] Defendant originally filed the instant motion before Senior Judge Wm. Fremming Nielsen. The motion has since been reset before the undersigned by Text Order with a hearing date of July 26, 2022.

ORDER - 1

motion and United States Probation defers to the Court.  **ECF No. 77** at 13.  The positions and opinions of any designated victims, whether supportive or opposed to Defendant's motion, are unknown.

Defendant previously requested that the Court remove the electronic location monitoring condition.  *See* ECF No. 47.  The Court denied Defendant's prior motion on December 22, 2021, following two hearings.  ECF No. 67.

Defendant now contends that the electronic location monitoring condition is unduly burdensome and should be removed.  **ECF No. 77**.  Defendant cites the cost of electronic monitoring, embarrassment, his 14-month history of pretrial release compliance in multiple Districts, positive reports from United States Probation, close family ties, dependence upon veterans' assistance programs for healthcare and education funding, commitments to academic programing, "[t]he long process [Defendant] has undergone to set up counseling appointments through the VA," Defendant's commitments to sobriety and law abiding behavior, and the burden on United States Probation resources.  **ECF No. 77** at 12-13.

The Court has reviewed Defendant's motion at **ECF No. 77** as well as the prior relevant Orders and motions in this case.  The Court has also considered the prior positions of designated victims in this case, and notes that previously the Vice Chair of the Spokane County Democratic Committee appeared in person and objected to modification of Defendant's conditions of pretrial release on behalf of his organization and that another victim had communicated sympathy for Defendant.  *See* ECF No. 67 at 2.

The Court continues to find the electronic monitoring condition is an essential part of the combination of conditions that provide a reasonable assurance of both Defendant's appearance at future court proceedings and the safety of community.  *See* 18 U.S.C.§ 3142.  When the Court previously fashioned conditions of release, the Court took into account the nature and circumstances of

ORDER - 2

the offense charged, the weight of the evidence against Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release. In the Court's continued view, the electronic location monitoring condition is a key and essential condition of release.

While it remains undisputed that Defendant has not had any serious issues while on pretrial release during the time the electronic monitoring condition has been in place, it still does not then follow that the electronic monitoring condition is therefore now unnecessary or superfluous. As the Court has previously stated, the Court continues to view the electronic location monitoring condition as an essential pretrial release condition that continues to impose a minimum and modest burden on Defendant while continuing to serve numerous positive supervision functions. Specifically, the electronic location monitoring condition remains as a clear reminder to Defendant that he is on pretrial supervision, imposes an important check on Defendant's behavior and impulses, and reassures the victims in this case that Defendant's whereabouts are known to United States Probation.

The Court, however, will modify Defendant's home detention condition. Given Defendant's presence in California and his current record on pretrial supervision, the Court will modify release Condition 28 and strike the home detention provision in favor of a curfew.

Accordingly, for the reasons stated in this Order and during the prior hearings, **Defendant's Motion to Modify Conditions of Release at ECF No. 77, is DENIED IN PART and GRANTED IN PART as follows**: **Condition 28 at**

ORDER - 3

**ECF No. 31 is now REPLACED with Condition 28 as follows**:

      **HOME CONFINEMENT/ELECTRONIC/GPS MONITORING**

**(28)**  Defendant shall participate in one or more of the following home confinement program(s):

**GPS Monitoring:** The Defendant shall participate in a program of GPS confinement. The Defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation. In the event the Defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

AND

**Curfew:** Defendant shall be restricted to his residence between 8:00 p.m. and 6:00 a.m. U.S. Probation, in its discretion, may modify Defendant's curfew hours based on Defendant's schedule of employment, academic, and approved household/personal activities, including travel time to and from those activities. Defendant shall acknowledge any modifications to his curfew hours approved by U.S. Probation in a written document signed and dated by Defendant.

All previous terms and conditions of pretrial release shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED July 26, 2022.



                        JAMES A. GOEKE
            UNITED STATES MAGISTRATE JUDGE

ORDER - 4