FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 01, 2029

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  -vs-<br><br>PETER JAMES YEAGER,<br><br>                Defendant. | No.   2:21-CR-0001-WFN-1<br><br>ORDER |

      A motion hearing was held February 29, 2024. The Defendant, who is not in custody, appeared by telephone[1] and was represented by Colin Prince and John McEntire, IV, who appeared in person; Assistant United States Attorney Patrick Cashman represented the Government. Pending before the Court is Mr. Yeager's Sealed Motion for Out-of-Custody Mental Health Examination. ECF No. 118. The Motion will be granted for the reasons stated below.

      Prior to the motion hearing, a bench trial was held on February 5, 2024. The parties submitted a joint Stipulation of Facts and Conclusions of Law and asked the Court to find Mr. Yeager not guilty by reason of insanity. ECF No. 111. The Court has not yet entered a verdict. If Mr. Yeager is found not guilty by reason of insanity, the Court must designate a psychologist or psychiatrist to evaluate whether Mr. Yeager is so dangerous that he must be committed to the custody of the Attorney General. *See* 18 U.S.C. § 4243(b); *see also* 18 U.S.C. § 4247(b). The examiner will then report those findings to the Court, *see* 18 U.S.C. § 4247(c), and the Court will hold a hearing to determine whether Mr. Yeager must be committed, *see* § 4243(c). The hearing must be held within forty days of the verdict. *Id.*

---

[1] Mr. Yeager confirmed at the hearing that he consented to appearing by telephone.

ORDER - 1

Mr. Yeager asks not to be taken into custody for the dangerousness evaluation because taking him into custody would harm him and serve no real purpose. ECF No. 118. Two different magistrate judges determined Mr. Yeager was not dangerous and could remain out of custody pending trial. Mr. Yeager has remained out of custody on GPS monitoring for the last two-and-a-half years, and he has not harmed a person or property, committed any crime, or otherwise violated the conditions of pretrial release in that time. Because Mr. Yeager does not appear to be a danger, taking him into custody for the evaluation serves no apparent purpose. On the other hand, taking Mr. Yeager into custody would almost certainly harm him significantly. Mr. Yeager has stable housing and receives VA benefits. If he is incarcerated, he will lose both. The evaluation would take anywhere from forty-five to seventy-five days, ECF No. 120-1, and Mr. Yeager would be significantly deprived of his liberty during that time.

The Government argues Mr. Yeager must be taken into custody for the examination because the statute requires it. ECF No. 119.

Section 4243(a) states: "*If* a person is found not guilty only by reason of insanity at the time of the offense charged, he *shall* be committed to a suitable facility until such time as he is eligible for release pursuant to subsection (e)." 18 U.S.C. § 4243(a) (emphasis added). The Government is correct that the statute requires a defendant's commitment once he is found not guilty by reason of insanity. *See id*. However, the statute does not require the defendant's commitment *until* he is found not guilty by reason of insanity. *See id*. Mr. Yeager has not been found guilty by reason of insanity yet. And nothing in either Section 4243 or Section 4247 says the Court must wait to order the dangerousness evaluation until the verdict is entered. *See id*.; § 4247. Indeed, Section 4247(b) confirms that the Court can order the dangerousness evaluation before entering the verdict: it contemplates situations where courts have discretion to order a defendant's commitment even though Section 4243(a) makes commitment mandatory once the verdict has been entered. *See* § 4247(b) (providing that the court "may" commit the person to be examined pursuant to an order under Section 4243); *see also* Sen. Rep. 98-225, at *242, 1983 WL 25404 (Aug. 4, 1983) ("Of course, if

ORDER - 2

the Court believes that the examination can be conducted on an outpatient basis, it need not order commitment for the examination.").

Because Mr. Yeager has not yet been found guilty by reason of insanity, Section 4243(a) does not require the Court to commit him to incarceration for the dangerousness evaluation. *See* § 4243(a). The Court has reviewed the file and Motion and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Sealed Motion for Out-of-Custody Mental Health Examination, filed February 6, 2024, **ECF No. 118**, is **GRANTED**.

2. Defendant, Peter James Yeager, shall complete a psychological examination with Dr. Robert Cosby, to occur in Spokane, Washington, **within fourteen days of this Order**, unless otherwise ordered by the Court, to determine whether Mr. Yeager's release would create a substantial risk of bodily injury to another person or serious damage or property to another due to a present mental disease or defect.

3. Dr. Robert Cosby shall report the results of Mr. Yeager's examination to:

   (a)   the United States District Court for the Eastern District of Washington, Spokane Division, Attention: Honorable Wm Fremming Nielsen, P.O. Box 1493, Spokane, WA 99201-1493;

   (b)   Patrick J. Cashman, Assistant United States Attorney, United States Attorney's Office, P.O. Box 1494, Spokane, WA 99201-1494, at telephone number (509) 353-2767; and

   (c)   Colin Prince, 601 W. Riverside Ave., Suite 900, Spokane, WA 99201, attorney for Defendant, at telephone number (509) 624-7606.

4. Dr. Cosby's report shall include

   (a)   Mr. Yeager's history and present symptoms;

   (b)   A description of the psychiatric, psychological, and medical tests that were employed and their results;

ORDER - 3

(c) Dr. Cosby's findings; and

(d) Dr. Cosby's opinions as to diagnosis, prognosis, and whether Mr. Yeager is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

5. An evidentiary hearing to determine whether Mr. Yeager's release would create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect is **SET** for Wednesday, **March 20, 2024, at 8:30 a.m., in Spokane**, Washington.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 1st day of March, 2024.

02-29-24

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4